Ronald B. SMITH, Plaintiff–Appellant,

v.

CITY OF ALBANY and DiTonno & Sons Demolition, Defendants–Cross–Claimants–Appellees,

Robert C. Forezzi, Sr. and Henry J. Abriel, Defendants.

No. 06–1958–cv.

United States Court of Appeals, Second Circuit.

Oct. 12, 2007.

Phillip G. Steck, Cooper Erving & Savage LLP (Amanda G. Avery, on the brief) Albany, NY, for Appellant.

Terrence A. Gorman, Assistant Corporation Counsel (John J. Reilly, Corporation Counsel, City of Albany, of counsel), Office of the Corporation Counsel for the City of Albany, NY, for City of Albany, Robert C. Forezzi and Henry J. Abriel, for Appellees.

Kevin E. Hulslander, Smith, Sovik, Kendrick & Sugnet, P.C., Syracuse, NY, for DiTonno & Sons Demolition.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROBERT A. KATZMANN, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Plaintiff Ronald B. Smith appeals from a March 27, 2006, 2006 WL 839525, judgment entered in the United States District Court for the Northern District of New York (Mordue, J.), granting summary judgment and dismissing the complaint. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review *de novo* the district court's grant of summary judgment. *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). In doing so, we construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Maguire*, 147 F.3d at 235. Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).

In the main, Plaintiff alleges a violation of his Fourth and Fifth Amendment rights, based on the city's failure to grant him a pre-demolition hearing. As these are "clearly established" constitutional rights, qualified immunity protects the municipal defendants from having to defend against Plaintiff's claims so long as "it was objectively reasonable for [them] to believe that [their] acts did not violate those rights." *Kaminsky v. Rosenblum*, 929 F.2d 922, 925 (2d Cir.1991).

Our review of the record shows that Plaintiff has failed to create an issue of fact as to the objective reasonableness of the municipal defendants' belief that Plaintiff's building posed an imminent danger to the public, thus meriting emergency demolition. Even assuming that the Albany City Code allows for that summary procedure only in cases of severe structural damage, the bowing of the south wall of Plaintiff's building and the obviously deficient maintenance and repair could lead a public official to conclude reasonably that the building was in danger of collapse.[1]

Plaintiff's claims against DiTonno & Sons likewise fail, as Plaintiff has not adduced sufficient evidence to create an issue of fact as to whether DiTonno & Sons was a state actor involved in the decision to order the emergency demolition.

We have reviewed Plaintiff's remaining claims and find them to be without merit.

For the reasons set forth above, the judgment of the district court is hereby **AFFIRMED.**

---

1. At oral argument, counsel for the city stated that Albany offers *no* post-deprivation procedure to citizens deprived of their property. The city would be well-advised to review both its pre- and post-deprivation policies. *See,* *e.g., Parratt v. Taylor,* 451 U.S. 527, 539–41, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Amnesty Am. v. Town of West Hartford,* 361 F.3d 113, 125 (2d Cir.2004).